## MARTIN v. JONES AND HILDEBRAND.

1. REDEMPTION. *Kramer* v. *Rebman*, 9 Iowa, 124; and *Stoddard* v. *Hays et ux.*, 12 Id., 576, as to the right of redemption under sales made in foreclosure, cited and followed.

2. DECREE: POSSESSION. In a foreclosure proceding, it is competent for the Court to make an order for the delivery of the possession of the premises and enforce the same by proper writ.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 15.

A PROCEEDING in chancery, in which the following case is made. Plaintiff in May, 1856, sold to one Turbush on a credit of five years, lot 11 in Martin's addition to the city of Dubuque, and gave a title bond for a deed on payment of the purchase money. The money not being paid, at the February Term of the District Court of said county, said title bond by the plaintiff was foreclosed against said Turbush, and Mark and William Carter his grantees of record, the property sold at Sheriff's sale and bought in by the said plaintiff. Afterwards it was ascertained, that the defendant Jones had purchased the same property of Carter, before the institution of said foreclosure suit, and that Hildebrand was in possession under him as tenant. The object of this proceeding is to foreclose whatever interest they, the said Jones and Hildebrand, may have in said premises, and the petition prays that they may be decreed at once to redeem said property by paying the plaintiff the amount due him

on the first decree as aforesaid, including interest and costs, or be forever debarred and foreclosed of all interest in said premises, and that the petitioner be put in immediate possession of said real estate. The defendants in effect admit the substance of the petition, but deny his right to the special relief sought. On the hearing thereof, the Court decreed the relief asked, and the defendants appeal.

*Monroe* for the appellants.

*Weelweber & Joerns* for the appellee, cited *Stoddard* v. *Hays et ux.*, 12 Iowa, 576; *Rosier* v. *Hale et al.*, 10 Iowa, 470; *Thatcher* v. *Haun et al.*, 12 Id., 310; *Whipple* v. *Farrar*, 3 Mich., 436.

LOWE, J.—In this Court the appellants make three points.

*First.* That it was not competent for the Court below to decree a foreclosure without securing to the defendant the right of a twelve months' redemption under the law. This point is held against them in the cases of *Kramer* v. *Rebman*, 9 Iowa, 114, and *Stoddard* v. *Hays et ux.*, 12 Iowa, 576.

*Second.* That the Court erred in decreeing that the defendants deliver immediate possession of the premises to plaintiff. This ruling is sustained by the authority of the case, *Thatcher* v *Haun et al.*, 12 Iowa, 303; *White* v. *Hampton et al.*, 13 Id., 259.

*Third.* That the Court erred in decreeing costs against defendants, without discriminating as to which one of the defendants shall pay the costs. This point is abandoned in argument and could not be made for the first time in this Court. The judgment below is

Affirmed.